IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------ : | |
| ROGER L. FULLER, et al., : | CASE NO.  1:10 CV 2453 |
| : | |
| Plaintiffs, : | MEMORANDUM OF OPINION AND |
| : | ORDER OVERRULING DEFENDANTS' |
| -vs- : | OBJECTIONS, ADOPTING THE |
| : | MAGISTRATE JUDGE'S REPORT AND |
| : | RECOMMENDATION IN LIGHT OF |
| LERNER, SAMPSON, ROTHFUSS, : | INTERVENING CASE LAW, AND |
| L.P.A., et al., : | DENYING DEFENDANTS' MOTION TO |
| : | DISMISS. |
| Defendants. : | |
| ------------------------------------------------------ | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This case involves allegations by Roger and Barbara Fuller ("Fullers") that law firm Lerner, Sampson and Rothfuss, L.P.A. ("LSR"), and attorney Nicholas D. Donnermeyer (collectively, "the Defendants"), violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e (2006), in pursuing a foreclosure action against the Fullers.  (Doc. 1).  This matter was referred to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation ("R&R") on Defendants' motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

In a thorough and well-reasoned R&R, Magistrate Judge McHargh recommends denying the Rule 12(b)(6) motion, finding the Complaint provided enough facts to state a plausible FDCPA claim against the Defendants pursuant to the standard laid down in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), and Ashcroft v. Iqbal, 129 S. Ct.

1937 (2009).  (Doc. 20).  In response, the Defendants filed a brief with objections to which the Plaintiffs have replied.  (Docs. 21, 23)

The Court will address the Defendants' objections in seriatim pursuant to a de novo review.  The procedural and factual record is well presented in Magistrate Judge McHargh's R&R and will not be repeated here, except where necessary to apply the instant facts to the legal point under consideration.  For the reasons discussed below, the Court overrules the Defendants' objections and adopts Magistrate Judge McHargh's R&R in light of intervening case law.

In rendering his evaluation, Magistrate Judge McHargh used the objective "least sophisticated consumer test" enunciated in Turner v. Lerner, Sampson & Rothfuss, 776 F.Supp. 2d 498, 505 (N.D. Ohio 2011) (relying upon the decision in Lewis v. ACB Business Services, Inc., 135 F.3d 389, 401–02 (6th Cir.1998)).  In opposition to this standard, the Defendants maintain that debt collector communications to counsel for a debtor be held to a "competent lawyer" test.  (Doc. 21, p. 14).   Defendants rely upon a strained reading of the decision in Polinsky v. Community Health Partners Regional Health Systems, 2012 WL 832503 (N.D. Ohio, 9 March 2012).  Polinsky does not address the standard of review, but instead tackles the question of whether the FDCPA might apply in communications between debt collectors and debtor's counsel.  This Court finds no basis upon which to place a higher standard of review upon the communications in the instant case than that enunciated in Turner and Lewis.

Reviewing the record de novo, this Court is in accord with the R&R that found inadequate the Defendants' argument that it had not violated the FDCPA because BAC Home Loans Servicing, L.P. ("BAC") – the plaintiff in the state foreclosure action – was

2

the holder of the Fullers' note through an indorsement in blank. See O.R.C. § 1303.25(B) (2010). (Doc. 20, pp. 10-12). The R&R notes, following Whittiker v. Deutsche Bank Nat'l Trust Co., 605 F.Supp.2d 914, 930–31 (N.D.Ohio 2009), that the Fullers' claims survive a motion to dismiss where they "allege that the Defendants did not merely file the claim while they were in the process of obtaining the assignment" (Doc. 20, p. 12), but instead filed the foreclosure action "knowing that [LSR] did not have the means to prove that the debt was owed to their client [BAC]." (Doc. 1, Complaint ¶ 34). After a de novo review of the record, the Court is in accord with the R&R's conclusion that the Fullers' Complaint survives the Defendants' Rule 12(b)(6) challenge.

While the R&R properly relied upon Whittiker to reach its recommendation, given the then existing legal landscape, the Court notes that since the R&R was filed the Sixth Circuit decision in Wallace v. Washington Mutual Bank, F.A., & Lerner, Sampson & Rothfuss, 683 F.3d 323, 327 (6th Cir. 2012) has called into question the narrow conclusions reached in Whittiker. Whittiker concluded that "[t]he filing of a foreclosure action by a plaintiff in the process of obtaining an assignment not yet fully documented is not a deceptive, misleading, or abusive tactic and does not violate the FDCPA." Whittiker, 605 F.Supp. 2d at 931. Wallace signals that Plaintiffs pursuing FDCPA claims against a foreclosure action, such as this, in which a potential mortgagee maintains they filed the foreclosure action in anticipation of an assignment not yet fully documented, do not necessarily forfeit their FDCPA claims. In Wallace the Court observed:

3

> Lerner, Sampson does not dispute that the foreclosure complaint identifies Washington Mutual as the actual holder of plaintiff's mortgage, but claims that Ohio law permits Washington Mutual to anticipate that it would become the title holder after the foreclosure action was initiated but before it becomes final. We disagree that the issue of standing in Ohio, even if resolved in Lerner, Sampson's favor, has any bearing on whether misidentifying a creditor is materially misleading under the Fair Debt Collection Practices Act.

Wallace, 683 F.3d 687.  In the footnote following this conclusion, the Court in Wallace disagreed specifically and namely with Whittiker on the impact of standing, explaining:

> We do not agree, however, with the district courts of this Circuit that have treated the debate in Ohio over standing to bring a foreclosure action as dispositive of whether a statement was materially misleading under the Act. See, e.g., Whittiker v. Deutsche Bank Nat'l Trust Co., 605 F.Supp.2d 914, 930–31 (N.D.Ohio 2009); Kline v. Mortg. Elec. Sec. Sys., No. 3:08cv408, 2010 WL 1133452, at *7 (S.D. Ohio Mar. 22, 2010). Certainly, should the Ohio courts decide that Washington Mutual did not have standing to bring the foreclosure action in the first place, the materiality of the false statement of ownership would be patent. However, even if Ohio holds the opposite, the Act protects the unsophisticated consumer from false statements tending to mislead or confuse—whether Washington Mutual may ultimately succeed in an Ohio court in its foreclosure action has no bearing on whether the initial false statements misled Wallace. The issue arises in the shadow of the recent subprime mortgage crises in which financial institutions are charged with encouraging reckless lending standards and rapid transfer and sale of subprime mortgages so as to profit from the mass securitization and sale of the mortgages.

Wallace, 683 F.3d 687, n. 2.

Nothing put forward in the Defendants' brief in opposition to the Magistrate Judge's R&R succeeds in defeating the Plaintiffs' standing to challenge LSR's foreclosure actions under the FDCPA.  The Defendants' attempt to resurrect the decision in Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road 399 Fed. Appx. 97 (6th Cir. 2010), after its applicability to the instant case was thoroughly debunked in the R&R, is of no avail and purely redundant.  (Doc. 20, pp. 17-

4

18). Likewise, LSR misconstrues the applicability of, and precedential value to be garnered from, the decision in Bank of New York Mellon Trust Co., v. Unger, 2012 WL 1567192 (8th Dist. Ohio 3 May 2012).  A de novo review of the record compels the Court to find, in accord with the recommendation of the R&R, that the Fullers have standing to pursue relief under the FDCPA.

Defendants maintain that even if the Fullers have standing to bring claims under the FDCPA, the Lerner Sampson law firm and its attorneys may rely upon their client's representations without incurring liability.  There exists no controlling authority on this issue in the Sixth Circuit.  Yet, the Fullers' allegations are not for mere representation alone, accusing Lerner Sampson, instead, of deceptive conduct in drafting pleadings, mortgage assignments, and an affidavit containing false or misleading information.  After a de novo review of the record, the Court agrees with the observation of the R&R that "[t]his manner of conduct is adequate to expose the Defendants to liability under the FDCPA."  (Doc. 20, p. 19).

Finally, the Defendants oppose Magistrate Judge McHargh's inclusion of Lisa Allinson's second affidavit as beyond the one year statute of limitations for any claim that arises under the FDCPA.  See 15 U.S.C. § 1692k(d) (2006).  The Magistrate Judge found that with the Fullers' Complaint filed on 28 October 2010, the Plaintiffs were barred from asserting FDCPA claims arising prior to 28 October 2009.  (Doc. 20, pp. 19-20).  The limitation prevents consideration of the first foreclosure action on 3 March 2009 but not the second foreclosure suit.  Ms. Allinson's second affidavit is part of this second foreclosure suit and accompanied a letter from Lerner, Sampson & Rothfuss dated 28 October 2009 and addressed to the Clerk of Courts, Lorain County Court of

Common Pleas.  (Doc. 1; Exhibit 7, pp. 51-57), The affidavit was not served upon the Fullers until after 28 October 2009.  As such, the Court considers the finding by Magistrate Judge McHargh proper to include Ms. Allinson's second affidavit.

**CONCLUSION**

The Court overrules the Defendants' objections, adopts Magistrate Judge McHargh's Report and Recommendation in light of intervening case law, and denies Defendants' motion to dismiss the Plaintiffs' Complaint pursuant to Rule 12(b)(6).

.

IT IS SO ORDERED.

       /s/Lesley Wells
   UNITED STATES DISTRICT JUDGE